UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD JEMMOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 11-40181-FDS |
| ) | |
| JAMES SABA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER ON
# RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

Petitioner Richard Jemmott was convicted of one count of rape of a child and two counts of indecent assault and battery in Massachusetts Superior Court in 2007. The Massachusetts Appeals Court affirmed his conviction and his application for further appellate review was denied by the Supreme Judicial Court ("SJC"). Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. Respondent James Saba now moves to dismiss the petition for failure to exhaust state court remedies.

For the reasons set forth below, the petition for a writ of habeas corpus will be dismissed without prejudice unless, within 30 days of the date of this Order, petitioner shows good cause as to why the claims have not been exhausted, or files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claims.

I.      **Background**

On December 16, 2005, a grand jury indicted Richard Jemmott for rape of a child in violation of Mass. Gen. Laws ch. 265, § 23 and two counts of indecent assault and battery (touching of (1) breasts and (2) abdomen) in violation of Mass. Gen. Laws ch. 265, § 13H. On October 5, 2007, a jury returned a verdict of guilty on all counts.

Jemmott appealed his conviction to the Massachusetts Appeals Court, raising three issues: (1) the indictment for indecent assault and battery for touching of the abdomen should have been dismissed because no evidence supporting the charge was presented to the grand jury; (2) the trial court erred in allowing the prosecution to elicit prejudicial "first complaint" testimony;[1] and (3) the prosecution committed errors such as improper vouching and burden-shifting in its opening statement, during examination of the complainant, and during closing arguments. On March 19, 2010, the Appeals Court affirmed the conviction. *See Commonwealth v. Jemmott*, 76 Mass. App. Ct. 1119 (2010).

On August 9, 2010, Jemmott filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the SJC. The application raised the same three grounds, but framed

---

[1] The issue involves the Massachusetts "first complaint" doctrine. Under that doctrine, the testimony of "complaint witnesses" is limited

> to that of one witness who, where feasible, will be the first person told of the sexual assault. Such witness may testify to the details of the alleged victim's first complaint of sexual assault and the circumstances surrounding that first complaint as part of the prosecution's case-in-chief. Where a first complaint witness testifies at trial regarding the complaint, the complainant also may testify about the details of the first complaint and the reasons why it was made at that particular time. What the complainant may not do, however, is testify to the fact that she "told" others, apart from the first complaint witness, about the sexual assault, even where the details of the conversation have been omitted.

*Commonwealth v. Aviles*, 461 Mass. 60, 67-68 (2011) (citations and quotation marks omitted).

as errors by the Appeals Court. On September 16, 2010, the SJC denied the application. *See Commonwealth v. Jemmott*, 458 Mass. 1104 (2010).

On July 14, 2011, Jemmott filed a motion in the Superior Court for a hearing and a new trial. He contended that his Fourteenth Amendment substantive due process rights were violated when the prosecution elicited false testimony from a witness, and that the use of that testimony in the prosecution's closing arguments was deliberate and improper and created a substantial risk of a miscarriage of justice. On October 18, 2011, Jemmott filed a motion to stay, stating that there were additional considerations that he would submit to amend his prior motion for a new trial. The motion was granted on October 26, 2011.

On September 26, 2011, Jemmott filed the present petition for a writ of habeas corpus. He raises four grounds in his petition: (1) no evidence was presented to the grand jury to support the indictment for indecent assault and battery for touching of the abdomen; (2) the court erred in certain evidentiary rulings (including admitting "first complaint" testimony), gave improper jury instructions, and allowed the prosecution to elicit false testimony from a witness; (3) the prosecutor engaged in misconduct in making opening statements and closing arguments; and (4) his counsel was ineffective because he failed to object to various arguments, instructions, and evidence at trial.

## II.   Analysis

### A.   Exhaustion of Claims

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of

habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State."); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982).  "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  A claim has been exhausted when it has been "fairly presented" to the state courts, such that "a 'reasonable jurist' would have 'recognized the existence of the federal question.'" *Id.* (quoting *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir. 2000)).  Exhaustion requires that a petitioner present "both the factual and legal underpinnings of his claim to the state courts." *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989).

  Respondent contends that petitioner's second and third claims present factual contentions that were not properly raised and exhausted with the state courts.  Petitioner claims that these claims were raised in post-trial proceedings, on appeal with the Appeals Court as well as the ALOFAR.  (Petition at 5-9).  In petitioner's brief to the Appeals Court and the ALOFAR, the second claim was concerned solely with the first complaint rule, and his third claim complained of improper statements by the prosecution.  (Pet. App. Ct. Br. at 16-51, Pet. ALOFAR at 7-15). While the framing of the issues is largely the same, petitioner's second claim in the present petition contends that the prosecution deliberately elicited false testimony from a witness and had the court change the indictment to conform to its arguments.  (Petition at 6).  Petitioner's third claim now contends that the prosecution not only made improper statements during opening and closing arguments, but that there were false statements as well.  (Petition at 7).  Petitioner's

motion for a new trial does raise the claims of eliciting false testimony and false statements by the prosecution. However, that motion is still pending before the Superior Court, which petitioner acknowledges in his petition. (Petition at 3).[2] Therefore, those grounds have not yet been exhausted.

Petitioner's fourth claim contends that he received ineffective assistance of counsel, and petitioner states that he raised these claims before the Appeals Court and the SJC. Ineffective assistance of counsel is mentioned briefly in a footnote in petitioner's memorandum to the Appeals Court. (Pet. App. Ct. Br. at 34). In it, petitioner argues that counsel's failure to move for a mistrial because the prosecution elicited first complaint testimony violated his right to effective assistance of counsel. However, a claim raised in passing in a footnote is not properly raised for these purposes. *See, e.g. United States v. Tocco*, 209 F.3d 935, 935 (6th Cir. 2000). The ALOFAR makes some references to counsel's possible mistakes or failures to object, but does not contain any contention that counsel was ineffective. (Pet. ALOFAR at 12, 15). A claim of ineffective assistance was not properly raised with the Appeals Court or the SJC, and therefore has not been exhausted.

### B.     Requirements for a Stay

Respondent contends that petitioner's mixed petition is ineligible for a stay. Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*,

---

[2] The petition states that his motion for a new trial was in fact rejected and the verdict was affirmed as to his second claim, although this is clearly contradicted by the record and other sections of the petition. (Petition at 7).

544 U.S. 269, 265-66 (2005); *see also Lundy*, 455 U.S. at 515, 520; *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004). However, a court may exercise this third option to stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances." *Rhines*, 544 U.S. at 278. Specifically, a court only do so if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

Filings by *pro se* prisoners should be liberally construed and are generally held to less stringent standards than formal pleadings by a lawyer. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Voravongsa v. Wall*, 349 F.3d 1, 8 (1st Cir. 2003). Accordingly, the requirement to show good cause may be applied more loosely with *pro se* petitioners. *Josselyn v. Dennehy*, 475 F.3d 1, 5 n.3 (1st Cir. 2007) (noting concerns about unwary *pro se* petitioners being trapped by the good cause requirement but finding that such concerns were not implicated where petitioner had been represented by counsel during the state-court proceedings) (*citing Rhines*, 544 U.S. at 279 (Stevens, J. concurring)).

Respondent argues that petitioner has given no explanation for seeking habeas relief while his motion for a new trial is pending. Respondent also contends that the limitations period for filing a habeas petition has been tolled by the filing of the motion for a new trial and therefore will not be prejudiced by a dismissal. *See* 28 U.S.C. § 2244(d)(2). Petitioner has not made any showing of good cause or requested a stay of his petition, and no good cause is apparent from the facts of the case. However, given that petitioner is *pro se*, he will be given an opportunity to make a showing of good cause.

### III.     Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed without prejudice unless, within 30 days of the date of this Order, petitioner shows good cause why the claims have not been exhausted, or files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claim.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  June 22, 2012